# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SOUZA,<br><br>             Petitioner,<br><br>      v.<br><br>FRANCISCO J. QUINTANA,<br>Warden,<br><br>             Respondent. | Case No. CV 12-4418-ODW (SP)<br><br>**MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.
## INTRODUCTION

On May 21, 2012, petitioner Martin Souza filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 ("Petition"). Petitioner is a prisoner at the United States Penitentiary in Victorville, California, where he is serving a life sentence imposed by the United States District Court for the Northern District of Ohio for conspiracy to possess with intent to distribute cocaine. *See* Pet. at 2. In this Petition, petitioner raises two grounds for relief: (1) that his constitutional rights were violated when he was allowed to represent himself at trial; and (2) that he received ineffective assistance of counsel in being permitted to represent himself, and due to the shortcomings of

his stand-by legal counsel. Pet. at 3.

The claims petitioner raises here were both among the claims raised in the "Petition for a Redress of Grievances Under Amendment I of the Constitution of the United States" that petitioner filed in this Court in case number CV 11-1574-ODW (SP). The Court dismissed that petition for a redress of grievances without prejudice on the grounds that the relief petitioner sought could only be obtained by way of a motion under 28 U.S.C. § 2255 filed with the sentencing court, petitioner had previously brought such a motion before the United States District Court for the Northern District of Ohio, petitioner did not have permission to bring a second or successive § 2255 motion, and therefore there was no reason for the Court to recharacterize the petition as a § 2255 motion and transfer it to the Northern District of Ohio.

The petition for a redress of grievances was not petitioner's first attempt to improperly obtain relief from this Court. In case number CV 06-4949-SGL (FFM), petitioner filed a petition for writ of habeas corpus under § 2241, attacking his conviction and sentence imposed by the United States District Court for the Northern District of Ohio. This Court summarily dismissed that habeas petition on the ground that petitioner's claim may only be raised to the sentencing court in a § 2255 motion.

Just as petitioner had no basis to seek the relief he sought in a petition for a redress of grievances or in his first habeas petition filed in this Court, he has no basis to seek the relief he seeks here in this § 2241 Petition. As petitioner well knows, he can only seek such relief by way of a § 2255 motion filed in the United States District Court for the Northern District of Ohio. He has no legal justification for again trying to circumvent the rules by seeking such relief in this Court with a § 2241 petition. Accordingly, the instant Petition will be summarily dismissed without prejudice.

## II.
## **PROCEDURAL HISTORY**[1]

Petitioner was indicted on October 21, 1998 and found guilty by a jury on July 28, 1999 for conspiracy to possess with intent to distribute cocaine in case number CR 98-356 in the United States District Court for the Northern District of Ohio.  Petitioner was sentenced on December 15, 1999.

On October 29, 1999, petitioner filed a petition pursuant to 28 U.S.C. § 2255 in the Northern District of Ohio, which was dismissed without prejudice as untimely.  Petitioner then commenced his direct appeal process.  On November 25, 2002, the Sixth Circuit Court of Appeals affirmed petitioner's conviction.

On June 19, 2003, petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the Northern District of Ohio, which he amended on September 11, 2006.  The petition was denied December 13, 2006, and the court declined to issue a certificate of appealability.  Petitioner appealed this denial of the certificate of appealability to the Sixth Circuit on January 29, 2007.  The Sixth Circuit construed the appeal as an application for a certificate of appealability and denied it on September 7, 2007.

On October 25, 2004, petitioner filed a petition for writ of mandamus in the Sixth Circuit Court of Appeals, which was denied on December 13, 2004.

On November 2, 2005, petitioner filed a petition for writ of mandamus in the Sixth Circuit Court of Appeals, which was denied on January 10, 2006.

On August 9, 2006, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court in case number CV 06-4949-SGL (FFM).  The petition was dismissed August 25, 2006 for lack of jurisdiction.  The Court noted that petitioner's claim that his conviction was invalid must properly be directed to the sentencing court in the form of a 28 U.S.C. § 2255 motion.

---

[1] The Court adopts and sets forth below the procedural history recounted by the Court in case number CV 11-1574-ODW (SP), with some additions.

1  On October 16, 2007, petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on January 22, 2008.

On February 1, 2008, petitioner filed in the Northern District of Ohio a motion to vacate his judgment based on subsequent legal developments. This was denied on May 5, 2008. On May 19, 2008, petitioner filed a notice of appeal in the Sixth Circuit Court of Appeals, which was construed as an application for a certificate of appealability and denied on August 14, 2009.

Petitioner filed a petition for a redress of grievances in this Court on February 23, 2011 in case number CV 11-1574-ODW (SP). The Court dismissed that petition without prejudice on November 14, 2011.

Petitioner filed the instant § 2241 Petition on May 21, 2012.

## III.
## DISCUSSION

With the instant Petition, petitioner seeks to attack his conviction and sentence. Section 2255 allows a federal prisoner claiming that his sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). A prisoner may not bring a second or successive § 2255 motion in district court without first seeking and obtaining certification from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Only the sentencing court has jurisdiction over a § 2255 motion. *Hernandez*, 204 F.3d at 864; *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988).

Thus, the relief petitioner seeks here can only be obtained by way of a § 2255 motion filed in the United States District Court for the Northern District of Ohio. As noted above, petitioner has previously filed a § 2255 motion in the Northern District of Ohio. And petitioner has not received permission to bring a second or successive § 2255 motion.

There is an exception – a "savings clause" or "escape hatch" – to the general rule that claims such as those petitioner raises here must be brought in a § 2255 motion. *See Harrison*, 519 F.3d at 956; *Hernandez*, 204 F.3d at 864 n.2; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The exception under § 2255(e) is "narrow" and will not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *see also Lorentson*, 223 F.3d at 953 (ban on unauthorized successive petitions does not per se make § 2255 "inadequate or ineffective"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion). A petition meets the "escape hatch" criteria of § 2255(e) "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (internal quotation marks and citation omitted).

To demonstrate that he never had an "unobstructed procedural shot," a petitioner must show that he never had an opportunity to raise the claim of actual innocence on appeal or in a § 2255 motion. *See id.* at 960. In making this

determination, the court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.* (internal quotation marks and citation omitted).

Here, petitioner is not claiming actual innocence. He is claiming that he should not have been permitted to represent himself, and that he received ineffective assistance from his stand-by counsel. The latter claim plainly is not based on any new law or evidence. As to the former claim, petitioner asserts that the Bureau of Prison's medical experts only recently began treating petitioner's neurocysticercosis, and thus only recently revealed to petitioner the seriousness of this disease that rendered petitioner unfit to represent himself at trial more than a decade ago. Pet. at 3, 5. But even if this amounted to a claim of actual innocence (which it does not), petitioner has failed to demonstrate that the basis for his claim only recently arose, particularly because petitioner contends that everyone else, including his court-appointed legal advisor, were apprised of his medical condition at the time of his trial. *See* Pet. at 3. Moreover, petitioner himself has raised this claim previously. In his § 2255 motion filed in the Northern District of Ohio in 2003, petitioner claimed that the court knew of his mental defect (as the court had petitioner evaluated by a psychiatrist), but failed to adequately advise petitioner of the disadvantages of self-representation given his mental defect. *See* Motion at 35-37, Case No. CV 03-1236 (N.D. Ohio), ECF No. 1. It is thus clear that petitioner had an "unobstructed procedural shot" at presenting his claims. *See Harrison*, 519 F.3d at 960.

Accordingly, petitioner's remedy under § 2255 was not "inadequate or ineffective" so as to permit the assertion of his instant claims in a § 2241 petition.

# IV.
# **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment be entered summarily denying the Petition and dismissing this action without prejudice.

DATED: June 5, 2012

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE